## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF JEFFREY HARGROVE, as co-Owner, and
MIA HARGROVE, as co-Owner, of a 2021
30' Jeanneau Leader 9.0 Vessel, HIN-            CASE NO:
IRIXM179A222, its engines, tackle, apparel,
appurtenances, etc., for Exoneration From or
Limitation of Liability,

      Petitioners.

_____/

## COMPLAINT FOR EXONERATION FROM
## OR LIMITATION OF LIABILITY

Petitioners, JEFFREY HARGROVE, as co-Owner, and MIA HARGROVE,

as co-Owner (hereinafter "Petitioners") of a 2021 30' Jeanneau Leader 9.0 Vessel,

HIN-IRIXM179A222, its engines, tackle, apparel, appurtenances, etc., (the

"Vessel"), in a cause of action, civil and maritime, respectfully allege upon

information and belief as follows:

1.      This is an Admiralty and Maritime Action within the meaning of 28

U.S.C. §1333 and 46 U.S.C. §§30501, et. seq, and Rule 9(h) of the Federal Rules of

Civil Procedure.

2.      That at all material times hereto, Petitioner, JEFFREY HARGROVE,

was a co-Owner of the 2021 30' Jeanneau Leader 9.0 Vessel, HIN-IRIXM179A222

(the "Vessel"), a self-propelled vessel powered by two (2) gasoline outboard engines.

3.    That at all material times hereto, Petitioner, JEFFREY HARGROVE, was domiciled in Parrish, Hillsborough County, Florida, within this District.

4.    That at all material times hereto, Petitioner, MIA HARGROVE, was the co-Owner of the 2021 30' Jeanneau Leader 9.0 Vessel, HIN-IRIXM179A222 (the "Vessel"), a self-propelled vessel powered by two (2) gasoline outboard engines.

5.    That at all material times hereto, Petitioner, MIA HARGROVE, was domiciled in Parrish, Hillsborough County, Florida, within this District.

6.    Venue is proper in this District under Rule F(9), Supplemental Rules for certain Admiralty and Maritime claims, in that the 2021 30' Jeanneau Leader 9.0 Vessel has not been attached or arrested and suit has not been commenced against Petitioners, as Owners and/or co-Owners of the 2021 30' Jeanneau Leader 9.0 Vessel with respect to the incident described below, and the 2021 30' Jeanneau Leader 9.0 Vessel and the Petitioners are located in/reside in Hillsborough County, Florida.

7.    At all material times hereto, the Vessel was seaworthy, property titled under the laws of the State of Florida, and was tight, staunched, strong, fully and properly manned, equipped and supplied, and was in all respect seaworthy and reasonably fit for use in an around the inland and coastal waters of the United States.

8.      Upon information and belief, Claimants will/may include the following:  Elizabeth Pepper, who resides in Parrish, Hillsborough County, Florida, the Estate and survivors of Benjamin Wells (deceased), who at the time of his death, resided in Parrish, Hillsborough County, Florida, and health care providers who examined and treated Benjamin Wells.

9.      On or about July 30, 2022, the Vessel, owned by Petitioners, JEFFREY HARGROVE and MIA HARGROVE, and operated by Petitioner, JEFFREY HARGROVE, while being lifted from navigable water following a recreational voyage, slipped while in a cradle on a lifting device at a marina in Palmetto, Florida, During that lifting incident, Benjamin Wells sustained injuries requiring medical care and attention and the vessel sustained damage to its hull and machinery.  Several months after the lifting incident, Benjamin Wells passed away.

10.     The incident at issue and any ensuing damages, personal injury, death, and property loss, were not caused by any fault of the Vessel, its Owners, its Operator, or any person or entity for whose actions the Owners and/or Operator are responsible.  Neither the Vessel, its Owners, nor its Operator, Petitioners, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, death, and damages occasioned and incurred by, or as a result of, the incident.

11.     Petitioners further allege all losses, injury, death, and damages resulting from the incident occurred as a result of the actions, omissions, or conditions which

Petitioners and/or either of them did not participate in, had no knowledge of, and had no reason to know about.

12.     Petitioner, JEFFREY HARGROVE, as co-Owner of the Vessel, and/or MIA HARGROVE, as co-Owner of the Vessel, should be exonerated of and from any liability for losses, injuries, death, or damages arising out of the incident described above, as it was not caused by any neglect of Petitioner, JEFFREY HARGROVE and/or Petitioner MIA HARGROVE, or the Vessel.

13.     Petitioner, JEFFREY HARGROVE and/or Petitioner, MIA HARGROVE lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the incident at issue.

14.     Thus, and without admitted liability, in the event the Vessel is held responsible to anyone by reason of the matter set forth above, Petitioner, JEFFREY HARGROVE and/or Petitioner, MIA HARGROVE, claim the benefit of the limitation of liability provided in 46 U.S.C. §§30501, et. seq.

15.     The Vessel had a pre-casualty value of approximately $267,000.00 (*See* Ad Interim Stipulation for Value to be filed herein).

16.     Petitioners know of potential claims by the Claimants listed above, residents of and/or located in Hillsborough County, Florida, and by healthcare providers located in Hillsborough County and Manatee County, Florida, who

provided care and treatment to Benjamin Wells for injuries allegedly sustained in the incident.

17.    Petitioners allege that the amount of damages associated with the potential claims may exceed the amount of their interest in the Vessel.

18.    The first written notice of a claim arising from the incident, subject to limitation, was a letter from counsel for ELIZABETH PEPPER and/or THE ESTATE OF BENJAMIN WELLS, dated December 1, 2022, and therefore this action is timely filed under the provisions of the Limitation Act, 46 U.S.C. §§30501, et. seq.

19.    Petitioners file herein a Stipulation for Costs and Ad Interim Stipulation for Value, in the appropriate form for payment into Court of the amount of Petitioners' interest in the Vessel, together with interest at the rate of 6% per annum, from the date of said Stipulation, and for costs; and in addition thereto, Petitioners are prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation for Value as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, JEFFREY HARGROVE, as co-Owner, and Petitioner, MIA HARGROVE, as co-Owner, of the Vessel respectfully requests:

A.    Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value described above, this Honorable Court direct the Clerk of Court to issue the Proposed Notice filed by Petitioners herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, death, injuries, or destruction with respect to which Petitioners, jointly and severally, seek Exoneration From or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve upon Petitioners' attorney a copy thereof, on or before the due date specified in the Notice;

B.    Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, the Court issue the proposed injunction to be filed by Petitioners herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioners, jointly or severally, the Vessel, and/or any of Petitioners' property, with respect to any claim for which Petitioners, jointly and severally, seek limitation, including any claim arising out of or connected with any loss, death, injuries, damage, or destruction resulting from the incident described in the Complaint;

C.    If any Claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel, or its pending freight, if any, as alleged herein,

and the amount of the Ad Interim Stipulation for Value as aforesaid, this Court cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioners' interest therein and pending freight, if any, and in which event the Court shall enter an Order for the filling of an Amended Stipulation for the Aggregate Value, as so determined, of Petitioners' interests in the Vessel and its pending freight, if any;

D.    This Court adjudge Petitioners, jointly and severally, and the Vessel, not liable to any extent whatsoever for any losses, death, injuries, damages or destruction, or for any claim whatsoever done, occasioned, or incurred as a result of the matters and happenings referred to in this Complaint; or in the alternative, if the Court adjudge that Petitioners, jointly and severally, are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interests in the Vessel, and may be divided pro rata among such Claimants, and that a judgment be entered discharging Petitioners, jointly and severally, and the Vessel of and from, any and all further liability, and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners, jointly and severally, and the Vessel, or their property, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

E.    This Court grant Petitioners, jointly and severally, such other and further relief that justice may require.

Dated this 27th day of January 2023.

**David F. Pope, Esq**. – FBN 164452
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:   (813) 222-3066
Service-dpope@bankerlopez.com
*Attorneys for Petitioners*